IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40219
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID GARCES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-444-4
_____

May 16, 2001

Before POLITZ, JOLLY, AND EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

David Garces appeals the sentence imposed following his guilty-plea

conviction for possession with intent to distribute heroin in violation of 21 U.S.C. §

841(a)(1) & (b)(1)(B).  Garces contends that the district court erred in sentencing

him as a career offender under U.S.S.G. § 4B1.1 because his prior felony drug

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

convictions were related and were part of a common scheme or plan. Garces did not raise this issue in the trial court and our review therefore is limited to correcting plain error.[1] Our review of the record and briefs convinces us that the district court did not err in sentencing Garces as a career offender.[2] Viewing Garces appropriately as a career offender, the trial court properly assessed his guideline range and legally imposed his sentence. Any error that may have been committed in calculating the criminal history score necessarily is deemed harmless given Garces' status as a career offender.[3]

The sentence appealed is AFFIRMED.

---

[1] Fed. R. Crim. P. 52(b).

[2] United States v. Robinson, 187 F.3d 516 (5th Cir. 1999); United States v. Ford, 996 F.2d 83 (5th Cir. 1993); United States v. Garcia, 962 F.2d 479 (5th Cir. 1992).

[3] U.S.S.G. § 4B1.1.